**Thutop YUTHOK, Petitioner—Appellant,**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE, et al., Respondents—Appellees.**

No. 02–35135.
D.C. No. CV–01–01226–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Nov. 12, 2002.

Before FERGUSON, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

Petitioner/Appellant Thutop Yuthok ("Yuthok") appeals the District Court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus, which alleged that he is being illegally detained by the Immigration and Naturalization Service ("INS"). The District Court held that the Immigration & Nationality Act ("INA"), § 242(a)(2)(B), codified as 8 U.S.C. § 1252(a)(2)(B), deprived it of subject matter jurisdiction over habeas corpus petitions seeking review of the INS' discretionary decisions and thus it lacked jurisdiction to hear Yuthok's habeas petition seeking review of an adverse parole decision. The District Court also held that, assuming jurisdiction, the INS District Director did not abuse his discretion in denying Yuthok's parole request. We reverse the District Court's judgment that it lacked subject matter jurisdiction to hear Yuthok's appeal but affirm that it was not an abuse of discretion for the INS District Director to deny Yuthok's parole request.

The parties are familiar with the facts and the procedural history of the case. Therefore, we do not repeat them here.

We review de novo the existence of subject matter jurisdiction. *Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir.2000). The District Court's decision to grant or deny a 28 U.S.C. § 2241 habeas petition is also reviewed de novo. *Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997).

■ Because Yuthok alleged a colorable claim that the INS District Director violated INS regulations and laws in denying his parole applications, the District Court had jurisdiction to hear his appeal. Although parole determinations are discretionary, 8 U.S.C. § 1252(a)(2)(B) does not eliminate review under § 2241. *INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Gutierrez–Chavez v. INS,* 298 F.3d 824, 827 (9th Cir.2002); *Magana–Pizano v. INS,* 200 F.3d 603, 609 (9th Cir.1999).

■ We review INS parole decisions for abuse of discretion. *Alvarez–Mendez v. Stock,* 941 F.2d 956, 963 (9th Cir.1991). The INS District Director did not abuse his discretion when he denied Yuthok's request for parole, pending Yuthok's asylum application. The District Director reviewed the medical evidence and determined that Yuthok did not establish that he had a serious medical condition that would qualify him for parole. The District Director also concluded that Yuthok failed to meet his burden of demonstrating that his parole would be in the public interest. In making this determination, the District Director adequately weighed the evidence before him, including the letters Yuthok submitted in support of his parole request and the nature of the fraud Yuthok committed in entering the United States. We cannot say the District Director abused his discretion.

**REVERSED IN PART AND AFFIRMED IN PART.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.