**Quang Dihn NGUYEN, Plaintiff—Appellant,**

v.

**Robert COLEMAN, John Ashcroft,\* Attorney General, Defendants—Appellees.**

No. 02–35588.

D.C. No. CV–00–02079–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2003.\*\*

Decided Sept. 9, 2003.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**804**

Nicholas W. Marchi, Carney & Marchi, P.S., Seattle, WA, for Plaintiff–Appellant.

Christopher Lee Pickrell, USSE–Office of U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM***

Petitioner–Appellant Quang Dinh Nguyen ("Nguyen"), a native and citizen of Vietnam, appeals the district court's denial of his petition for a writ of habeas corpus. Nguyen is a lawful permanent resident ("LPR") who has been convicted in Washington state court for delivery of a controlled substance. The Immigration and Naturalization Service ("INS") seeks to deport Nguyen. Nguyen unsuccessfully opposed deportation in front of an Immigration Judge ("IJ"). The IJ's decision was affirmed by the Board of Immigration Appeals ("BIA") in a decision dated March 23, 1999 ("BIA Decision"). We dismissed Nguyen's petition for review of the BIA's decision for lack of jurisdiction. *Nguyen v. INS*, 210 F.3d 384 (9th Cir.2000) (unpublished disposition). Nguyen then brought this habeas petition pursuant to 28 U.S.C. § 2241, which the district court denied. For the reasons stated below, we affirm the district court. The parties are familiar with the facts of the case and we refer to them here only as necessary.

As a preliminary matter, we note that although we dismissed Nguyen's direct appeal for lack of jurisdiction, we have jurisdiction to review the denial of his § 2241 habeas petition. *INS v. St. Cyr*, 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). A district court's decision to grant or deny a petition for habeas corpus is reviewed de novo. *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002). Habeas petitions under § 2241 are limited to claims of constitutional or statutory error, and may not be used to challenge an exercise of discretion by the INS. *Gutierrez–Chavez v. INS*, 298 F.3d 824, 829–30 (9th Cir.2002).

## 1. Denial of INA § 243(h) Relief

■ Nguyen claims that the BIA erred in its determination that he was ineligible for Immigration and Nationality Act § 243(h) relief. (Nguyen also claims that this was an abuse of discretion. As indicated above, however, we do not have jurisdiction to review the BIA's exercise of discretion.)

As we determined previously in *Nguyen v. INS*, 210 F.3d 384, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply to this case. Under IIRIRA § 309(c)(1), IIRIRA's changes to INA § 243(h) do not apply to Nguyen. Thus, we apply former INA § 243(h), 8 U.S.C. § 1253(h) (rewritten and recodified at 8 U.S.C. § 1231(b)(3)).

INA § 243(h)(1) generally provides for mandatory withholding of deportation where the Attorney General determines that an alien's life or freedom will be threatened, in the country to which the alien is to be deported, because of the alien's race, religion, nationality, member-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ship in a particular social group, or political opinion. INA § 243(h)(2)(B) provides that INA § 243(h)(1) withholding does not apply if the Attorney General determines that "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." INA § 243(h)(2) states that for purposes of INA § 243(h)(2)(B), "an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime."

INA § 243(h)(3) states that INA § 243(h)(2) will not bar INA § 243(h)(1) relief where the Attorney General determines that an alien's life or freedom will be threatened, in the country to which the alien is to be deported, because of the alien's race, religion, nationality, membership in a particular social group, or political opinion, *and* the withholding of deportation is necessary to meet the United States' treaty obligations under the 1967 U.N. Protocol Relating to the Status of Refugees ("Protocol"). The BIA has established the following framework for analyzing INA § 243(h)(3) requests: if the aggravated felon was sentenced to 5 or more years, he or she is conclusively barred from relief; if less than 5 years, he or she is subject to a rebuttable presumption of ineligibility. BIA Decision, at 2. *INS v. Aguirre–Aguirre*, 526 U.S. 415, 424–2, 119 S.Ct. 1439, 143 L.Ed.2d 5905 (1999), requires us to afford deference, under *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), to the BIA's framework for analyzing an INA § 243(h) request.

The BIA determined, in light of Nguyen's conviction for delivering a controlled substance, that Nguyen's crime was partic-

ularly serious and that he constitutes a danger to the community. BIA Decision, at 2–3. This determination is supported by substantial evidence in the record bearing on the danger posed by drug trafficking and renders Nguyen ineligible for withholding under both INA § 243(h)(1) and INA § 243(h)(3).

Furthermore, under both of these provisions, Nguyen must establish, to the satisfaction of the Attorney General, that he faces a risk of persecution in Vietnam. The IJ, however, after considering the failure to show past persecution or the risk of future persecution, determined that Nguyen did not face such a risk. The BIA affirmed this determination and it is supported by substantial evidence. This determination, like the determination that Nguyen poses a danger to the community, precludes Nguyen from INA § 243(h) relief.

## 2. Application of AEDPA to Request for INA § 212(c) Relief

■ Prior to the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and IRRIRA, former INA § 212(c), 8 U.S.C. § 1182(c), gave the Attorney General discretion to withhold deportation for certain aliens who had maintained a domicile in the United States for seven years. The AEDPA narrowed the scope of INA § 212(c), and then IIRIRA repealed it. Under the transitional rules of IIRIRA, its repeal of INA § 212(c) does not apply to this case. The AEDPA, by contrast, does apply, unless its application would have impermissible retroactive effect. That is the question we now address.

The AEDPA amended INA § 212(c) so as to preclude certain aliens, including aggravated drug felons such as Nguyen,

from INA § 212(c) withholding. *Magana–Pizano v. INS*, 200 F.3d 603, 606 & n. 2, 1999 WL 1249703 (9th Cir.1999). Thus, if not for the effect of the AEDPA, Nguyen would have been able to apply for INA § 212(c) relief. Nguyen challenges this bar imposed by the AEDPA as impermissibly retroactive. The AEDPA was enacted and generally became effective after Nguyen committed the drug trafficking offense, but before he pled guilty and before his deportation proceedings began.

In *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court established the following two-part test for determining if a statute can be applied retroactively: (1) if "Congress has expressly prescribed the statute's proper reach," then that prescription controls; otherwise, (2) if there is no such express statement from Congress, then courts "must determine whether the new statute would have retroactive effect." *Id.* at 280.

In *St. Cyr*, the Supreme Court applied the *Landgraf* test to determine whether IIRIRA's elimination of INA § 212(c) relief applied retroactively to an alien who had entered a guilty plea prior to IIRIRA's effective date. *St. Cyr*, 533 U.S. at 314–26. The Court first determined that IIRIRA did not have an express retroactivity provision. *Id.* at 314–20. The Court then moved on to the second step of the *Landgraf* test to determine if IIRIRA had an impermissibly retroactive effect. *St. Cyr*, 533 U.S. at 320–25. The alien in St. Cyr had not only committed the underlying offense prior to IIRIRA and the AEDPA, he had also pled guilty prior to those statutes. *Id.* at 293. This being the case, the Supreme Court noted that ineligibility for INA § 212(c) relief was "a new disability, in respect to transactions or consider-

ations already past," *id.* at 321 (internal quotation marks and citation omitted), and that immigration consequences generally would factor into a plea agreement. *Id.* at 322. This reliance was particularly important given that INA § 212(c) had frequently been granted prior to the AEDPA and IRRIRA. *Id.* at 323. The Court ultimately held that INA § 212(c) relief is available for aliens who were convicted under a plea agreement and otherwise would have been statutorily eligible for such relief prior to IIRIRA. *Id.* at 326.

In *Magana–Pizano v. INS*, 200 F.3d 603, we considered whether the AEDPA's modification of INA § 212(c) applies to an alien who pled guilty before the AEDPA's effective date. We held that it did not, provided that the alien could show reliance on the availability of INA § 212(c) relief. *Id.* at 613–14. Although *St. Cyr* may have eliminated *Magana–Pizano*'s requirement that an alien show actual reliance, these cases nonetheless stand for the proposition that INA § 212(c) relief remains available to those who entered a guilty plea before its modification (by the AEDPA) or elimination (by IIRIRA), at least to the extent that it would have been available prior to the guilty plea.

The touchstone of *St. Cyr* and *Magano–Pizano* is the reliance that criminal aliens would have placed on the availability of certain immigration benefits, such as INA § 212(c) relief, in entering into a plea agreement. At that stage in their criminal proceedings, such aliens would have been represented by counsel, who would have had a duty to advise their clients of the immigration consequences of a guilty plea. *St. Cyr*, 533 U.S. at 322.

The present case differs from *St. Cyr* and *Magana–Pizano*, however, in one crucial respect: Nguyen pled guilty *after* the

AEDPA modified INA § 212(c). This takes the present case out of the reach of those decisions. Indeed, as we stated in *Magana–Pizano,* "In general, denying eligibility for discretionary relief from deportation on the basis of past criminal convictions does not constitute an impermissible retroactive application of a statute." *Magana–Pizano,* 200 F.3d at 612. We went on to state, "It is difficult to argue, for example, that a convict would have refrained from committing the criminal act if he had just known of the potential for future adverse deportation consequences." *Id.* In such a case, the basic principles of notice, reliance and fairness that underlie the *Landgraf* analysis do not militate strongly against retroactivity. This reasoning applies to Nguyen, who pled guilty after the AEDPA's effective date. We therefore conclude that the AEDPA applies to make Nguyen statutorily ineligible for INA § 212(c) relief.

### 3. Equal Protection Challenge to INA § 212(h)

Under INA § 212(h), 8 U.S.C. § 1182(h), the Attorney General has discretion to grant waivers of deportation (for those present in the country) or exclusion (for those returning to the country) for certain lawful permanent residents ("LPRs"). Aggravated felon LPRs, unlike aggravated felon non-LPRs, are barred from such relief under the plain terms of INA § 212(h). Nguyen challenges this distinction as an equal protection violation. Nguyen's argument is foreclosed by our recent decision in *Taniguchi,* 303 F.3d at 956–58.

The district court's denial of Nguyen's habeas petition is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.