Jorge Andres **FIGUEROA–HINCAPIE**, Petitioner—Appellant,

v.

Adele J. **FASANO**, Dist. Director; et al., **Respondents—Appellees.**

No. 02–56981.

D.C. No. CV–02–01127–NAJ/LAB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Jan. 12, 2004.

---

Jaime Jasso, Westlake Village, CA, for Petitioner–Appellant.

John Ashcroft, Attorney General, U.S. Attorney, USSD–Office of the U.S. Attorney, San Diego, Jacqueline Dryden, DOJ–U.S. Department of Justice, Washington, DC, Mary Jane Candaux, Jennifer L. Lightbody, DOJ–U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

### MEMORANDUM*

Jorge Figueroa–Hincapie appeals the district court's ruling denying his petition for a writ of habeas corpus, seeking relief from his final order of removal to his native country of Colombia. Since the district court did not err in failing to remand the matter for a redetermination of whether Figueroa committed a particularly serious crime, we affirm its ruling denying Figueroa withholding of removal. But Figueroa presented sufficient evidence to prove he was more likely than not to be tortured if removed to Colombia. We therefore reverse the district court's ruling denying him relief under the Convention Against Torture.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## 1. *Particularly Serious Crime.*

■ The BIA denied Figueroa's request for withholding of removal under 8 U.S.C. § 1231(b)(3) upon concluding that his conviction for possession of methamphetamine for sale was for a "particularly serious crime" under the standard of *In re S–S–*, 21 I. & N. Dec. 458 (BIA 1999). *See* 8 U.S.C. § 1231(b)(3)(B)(ii). Figueroa contends that because *In re Y–L–*, 23 I. & N. Dec. 270, 274 (BIA 2002), altered the particularly serious crime standard after the BIA's initial ruling in his case, the district court should have remanded so that he could relitigate his claim. The failure to do so, he claims, violated due process.

This contention is without merit. Figueroa's right to due process was violated only "if the thing complained of caus[ed] [Figueroa] to suffer some prejudice." *Hassan v. INS*, 927 F.2d 465, 469 (9th Cir.1991). Figueroa was required to show the BIA likely would have reached a different result had the district court remanded for a hearing under *Y–L–*'s new standard. *Gutierrez–Chavez v. INS*, 298 F.3d 824, 829–30 (9th Cir.2002). He cannot begin to make such a showing. *Y–L–* imposed a new presumption that all drug trafficking crimes like Figueroa's constitute particularly serious crimes. 23 I. & N. Dec. at 274. *Y–L–* listed factors that, "at a minimum," must be present to establish the "extraordinary and compelling circumstances" necessary to rebut that presumption. *Id.* One of those factors is "the absence of any adverse or harmful effect on juveniles." *Id.* at 276–77. In March 2002, the BIA denied Figueroa's motion to reopen, citing the alternate ground that his claim would fail under *Y–L–* because his drug activity had endangered a child. In light of this unfavorable finding on at least one *Y–L–* factor, Figueroa cannot show prejudice.

## 2. *Convention Against Torture.*

■ Contrary to the district court's ruling, federal courts have habeas corpus jurisdiction to hear Figueroa's claim for relief under the Convention Against Torture. *Singh v. Ashcroft*, 351 F.3d 435, 440–42 (9th Cir.2003); *Cornejo–Barreto v. Seifert*, 218 F.3d 1004, 1015–16 n. 13 (9th Cir. 2000).

To be entitled to relief under the Convention Against Torture, Figueroa was required to prove it was "more likely than not that he … would be tortured if removed to [Colombia]." 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001). "Torture" is defined as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1) (2000). A "petitioner carries this burden whenever he or she presents evidence establishing 'substantial grounds for believing that he [or she] would be in danger of being subjected to torture' in the country of removal." *Kamalthas*, 251 F.3d at 1284 (citations omitted). A ruling denying relief under the CAT will be set aside if unsupported by substantial evidence. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

Figueroa presented evidence that his father was a union leader and a member of a Marxist group. As a boy Figueroa accom-

panied his father to numerous union activities. From 1978 through 1993, Figueroa's father was persecuted by clandestine and paramilitary groups connected to textile industry employers and the government. He was captured, imprisoned and tortured by the Colombian government in 1988. Amnesty International facilitated his release in 1993 and he relocated in France.

Contrary to the conclusion of the BIA and the district court, Figueroa presented sufficient evidence to show that he was more likely than not to be tortured. Figueroa's claim did not hinge upon whether he himself was a union activist but whether his familial relationship with his father, a notorious labor activist, would lead government officials to torture him or acquiesce in his torture. Both the IJ and BIA found credible the testimony of Figueroa and his mother that they feared such torture, which in itself can be sufficient to meet the burden of proof under the Convention. *Zubeda v. Ashcroft*, 333 F.3d 463, 471–72 (9th Cir.2003). That fear was supported by numerous objective facts. Figueroa's father endured years of persecution and torture based on his status, and Figueroa's participation in his father's activities raised the specter that he would be similarly targeted. In fact, the son of a union activist was recently assassinated in Figueroa's home town. Additionally, the widespread human rights abuses by the Colombian government and by paramilitary groups at the government's acquiescence was undisputed. Such country conditions can play a decisive role in meeting the burden of proof required under the Convention. *Kamalthas*, 251 F.3d at 1280; *see also* 8 C.F.R. §§ 208.16(c)(3) (2000) (evidence of gross, flagrant or mass violations of human rights within the country of removal relevant to whether alien is more likely than not to be tortured). These factors establish a sufficient nexus between the father's experience and Figuer-

oa's fear of being tortured. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000).

The record compels the conclusion that Figueroa is more likely than not to be tortured in Colombia. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Figueroa thus was entitled to deferral of removal under the Convention Against Torture, and the BIA and the district court erred in denying him such relief. 8 C.F.R. § 208.16(c)(4). We reverse the district court's ruling and remand with instructions to grant the petition for writ of habeas corpus.

REVERSED AND REMANDED.