**Mory CAMARA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 02–3336.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2004.

Mory Camara, Maple Heights, OH, pro se.

Papu Sandhu, Michelle E. Gorden, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before NELSON, GILMAN, and ROGERS, Circuit Judges.

## ORDER

Mory Camara has filed a pro se petition seeking judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal from the United States. His petition has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Camara is a citizen of Guinea, who was allowed to enter this country for three months as a non-immigrant visitor. In 2001, the Immigration and Naturalization Service alleged that he was subject to removal because his visa had expired in 1999. Camara admitted these allegations and conceded removability. However, he also applied for political asylum, the withholding of removal, and relief under the United Nations Convention Against Torture.

Camara testified through an interpreter at an administrative hearing, primarily averring that he had been persecuted in Guinea because he distributed materials that supported a political opponent of the president. He alleged that he had been beaten by the police or soldiers in 1995, and that he had been beaten by a group of "thugs" in 1997 or 1998, who he believed were paid by the government. Some of this testimony was loosely corroborated by Camara's brother.

On November 21, 2001, an Immigration Judge ("IJ") found that Camara was removable because he remained in the United States after his status as a non-immigrant visitor had expired. See 8 U.S.C. § 1227(a)(1). The IJ also denied his applications for asylum, the withholding of removal and relief under the Convention Against Torture.

The BIA dismissed Camara's administrative appeal on March 7, 2002, because his asylum application was untimely and because he had not met the standards for the withholding of removal or for relief under the Convention Against Torture. Camara then filed a timely petition for judicial review on March 25, 2002, moving for pauper status and the appointment of counsel.

To be entitled to asylum, Camara must show not only that he is a "refugee," but also that he is entitled to asylum as a matter of administrative discretion. See *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A refugee is defined as "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citations and internal quotation marks omitted).

Camara's asylum application is also treated as an application for the withholding of removal. See *id.* at 391. However, the burden of proving eligibility for asylum is less than the burden of proving entitlement to withholding. *Id.* Thus, if Camara

fails to show that he is entitled to asylum, he also will have failed to show that he is entitled to withholding of removal. *See id.*

The BIA's decision must be upheld if it is supported by substantial evidence. *See Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). Judicial review of an application for asylum or withholding of removal is generally granted only if the evidence would compel a finding of the requisite fear of persecution. *Id.* Similarly, we may review Camara's application for relief under the Convention Against Torture only if compelling evidence shows that it is more likely than not that he would be tortured in Guinea. *See Ali v. Reno*, 237 F.3d 591, 596 (6th Cir.2001).

■ Camara now argues that he was not able to effectively communicate with the translator at his hearing. However, he did not raise this issue at the hearing or in his administrative appeal. Thus, judicial review of this issue is precluded by his failure to exhaust the administrative remedies that were available to him. *See* 8 U.S.C. § 1252(d)(1). We note, nonetheless, that Camara has not pointed to any specific error in translation that would have changed the outcome of his case. *See Gutierrez–Chavez v. INS*, 298 F.3d 824, 830 (9th Cir.2002).

■ The IJ and the BIA properly found that Camara's asylum application was untimely because it was filed more than a year after the limitations period had expired. *See* 8 U.S.C. § 1158(a)(2)(B). Camara argues that his untimely filing should be excused because he had applied for a student visa. We need not reach this argument because the rejection of his application is not subject to judicial review. *See* 8 U.S.C. § 1158(a). Nevertheless, we note that Camara's alleged attempt to apply for a student visa is not the type of extraordinary circumstance that might ex-cuse his belated application. *See* 8 C.F.R. § 208.4(a)(5).

■ Camara argues that the IJ erred by discounting his credibility. The IJ was troubled by Camara's testimony because it was inconsistent with that of his brother on several points, including their father's political affiliation. Camara's attempt to rectify those inconsistencies is unavailing, as the IJ found that he would not be entitled to relief even if it were assumed that his testimony was credible overall.

The IJ acknowledged a possible nexus between Camara's political activities and the beating that he allegedly received in 1995. However, the IJ also found that he had not shown a political motivation for his alleged beating in 1997 or 1998. Thus, the IJ found that Camara had not demonstrated past persecution, a reasonable fear of future persecution, or a likelihood that he would be tortured if he were returned to Guinea. Camara has provided more specific information regarding his allegations of politically motivated abuse. However, he has not made a compelling showing that he is entitled to relief. *See Koliada*, 259 F.3d at 488–89. As Camara has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard for the withholding of removal. *See id.* at 489. He has also failed to show that he is entitled to relief under the Convention Against Torture. *See Sevoian v. Ashcroft*, 290 F.3d 166, 176–77 (3d Cir.2002).

Accordingly, Camara's petition for judicial review of the BIA's decision is denied and all pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.