Gustavo GUTIERREZ–CHAVEZ,
Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE; et al.,
Respondents–Appellees.

No. 00–56149.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Filed July 31, 2002.

Victor D. Nieblas (argued), Law Office of Victor D. Nieblas Pradis, Los Angeles, CA, for the petitioner-appellant.

Cindy S. Ferrier (argued), United States Department of Justice, Appearances only by David W. Ogden, United States Department of Justice, Civil Division, Kristen A. Chapman, United States Department of Justice, Office of Immigration Litigation, and John P. Moran, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondents-appellees.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

## OPINION

D.W. NELSON, Circuit Judge.

Gustavo Gutierrez–Chavez challenges the manner in which the BIA exercised its discretion in denying his request for a 212(c) waiver of deportation. We must decide if he can do so in a 28 U.S.C. § 2241 petition for habeas corpus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gutierrez was admitted to the United States as a legal permanent resident in 1979 at the age of thirteen. After holding several odd jobs, Gutierrez began working at a company called Stack Equipment in 1986. Gutierrez testified before the Immigration Judge ("IJ") that sometime in 1990, while still working at Stack Equipment, he injured his back on the job and had to have an operation. He further testified that, because he was unable to work, he became desperate for money once his disability payments stopped in 1991. This desperation, according to Gutierrez, led him to start selling drugs.

Gutierrez testified that he sold drugs for approximately six months in 1991; during those six months, he participated in ten transactions, each transaction involving one kilo of cocaine. Gutierrez testified that he made approximately $200 to $300 per transaction. He was eventually caught by the police and pled guilty to possession of cocaine for sale in November of 1991. The state trial court sentenced Gutierrez to three years, but he was released on parole in 1993 after serving only approximately 2 years of his sentence.

The INS issued Gutierrez an order to show cause on December 24, 1992, contending that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony) based on his California conviction for the sale of cocaine. When Gutierrez came

before the IJ in 1994 for a hearing on the order to show cause, Gutierrez conceded that he was removable on the basis of his drug conviction. However, he requested a discretionary waiver of his removal pursuant to then-existing INA § 212(c).[1]

The IJ denied Gutierrez's application for a 212(c) waiver. The IJ stated that, after considering testimony from Gutierrez, his wife and his parents (along with various documentary evidence), "respondent has failed to demonstrate sufficient favorable equities which offset the negative factors in his case, in particular his 1991 conviction for an aggravated felony." The IJ found that Gutierrez's criminal past and the precarious financial position that gave rise to that past (and continued to persist at the time of the hearing) outweighed any other positive factors that Gutierrez presented, including his extensive familial contacts in the United States. The IJ also noted that Gutierrez's deportation to Colombia would not cause great hardship because all his family members were from Colombia and were still primarily Spanish speakers.

Believing that the IJ had erred in three respects, Gutierrez appealed to the BIA. Gutierrez claimed that (1) the IJ had incorrectly balanced the equities in his case in denying a 212(c) waiver, (2) the translation of his testimony before the IJ was inadequate and deprived him of due process of law, and (3) the IJ was biased against him (also in violation of the due process clause) because of his link to Cali, Colombia.

The BIA rejected all three arguments and affirmed the IJ in a *per curiam* opinion. As to Gutierrez's 212(c) request, the BIA found that the IJ had not abused his discretion in evaluating the equities of the case. The BIA noted that "the respondent's equities, including his length of residence and family ties, are outstanding...." [2] However, the BIA agreed with the IJ's conclusion that these equities were simply insufficient to overcome the negative factors, in particular Gutierrez's conviction of a serious drug crime and his admission that he engaged in drug trafficking for six months and participated in ten transactions. The BIA also rejected Gutierrez's due process claims alleging that he did not get a fair hearing before the IJ because of the inadequate translation and the IJ's alleged bias. The BIA found the inadequate translation claim flawed because, according to the BIA, Gutierrez failed to establish that he was prejudiced by the alleged translation defect. The BIA also rejected Gutierrez's claim of bias, finding that he had not shown the IJ departed from the record or gave "undue weight to the place of [Gutierrez's] birth."

Gutierrez petitioned for review of the BIA's decision by our Court on August 24, 1996. The petition for review was dismissed for lack of jurisdiction due to changes effected by § 440(a) of AEDPA. *See Duldulao v. INS*, 90 F.3d 396 (9th Cir.1996) (holding that § 440(a) applies retroactively).

His avenue for direct review by us thus foreclosed by Congress, Gutierrez then

---

**1.** Section 212(c) was later amended by § 440(d) of the Anti Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") to preclude discretionary relief in cases such as this one, where an alien stands convicted of an aggravated felony.

**2.** Gutierrez has lived continuously in the United States since his admission in 1979. He makes his home in southern California with his wife (a legal permanent resident from Colombia), two U.S. citizen minor children, and his parents (also legal permanent residents from Colombia). Gutierrez also has two legal permanent resident brothers who live in southern California. He does not, however, own any real property. Nor has he ever served in the U.S. military.

sought review through resort to the Great Writ; he filed a 28 U.S.C. § 2241 habeas petition in federal district court. In his habeas petition, Gutierrez continued to press his argument that the BIA abused its discretion in finding that the positive equities did not outweigh the negative factors in his case. He also reasserted his due process claims alleging inaccurate translation of his statements and bias of the IJ at the hearing.

The district court denied Gutierrez's habeas petition. The court found that neither of Gutierrez's constitutional claims had merit; Gutierrez had not shown that a better translation would have made a difference in the hearing's outcome, and the references to Cali, Colombia by the IJ didn't evince any impermissible bias when taken in context. More importantly for our purposes, though, the district court also reviewed on the merits Gutierrez's claim that the BIA had abused its discretion in denying him a 212(c) waiver. The court explained that its reading of recent decisions of this Circuit "confirmed that claims of abuse of discretion are cognizable on Section 2241 habeas corpus review." The district court, however, found that the BIA did not abuse its discretion. Noting that Gutierrez must make a showing of unusual or outstanding equities because of the seriousness of his offense, the district court could find no abuse of discretion in the BIA's reasoned explanation of why Gutierrez's drug conviction outweighed the equities in his favor.

## II. DISCUSSION

■ We hold that 28 U.S.C. § 2241 does not allow us, in the absence of consti-

tutional or statutory error, to second-guess the manner in which the INS chooses to exercise the discretion given it by statute.[3]

### A. The discretionary calculus

Section 2241 provides that habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The text is clear both in what it says and what it does not say. Section 2241 explicitly says that one who is in custody may file a habeas petition if he or she alleges that such custody violates the constitution or federal law (or treaties). However, § 2241 does not say that habeas is available to challenge purely discretionary (yet arguably unwise) decisions made by the executive branch that do not involve violations of the Constitution or federal law.

■ However, Gutierrez argued, and the district court was convinced, that decisions of this Circuit have gone beyond the text and held that judicial review of purely discretionary decisions, like INS's decision to deny a 212(c) waiver here, is permitted under § 2241. In particular, the district court cited statements that appear in the footnotes of two of our more recent cases. See *Ma v. Ashcroft*, 257 F.3d 1095, 1101 n. 4 (9th Cir.2001); *Magana–Pizano v. INS*, 200 F.3d 603, 608 n. 5 (9th Cir.1999). When we take another look at these cases, however, we remain convinced that habeas review under § 2241 is limited only to claims of constitutional or statutory error.

Our decision in *Ma v. Ashcroft* does not expand the text of § 2241 to permit Gu-

---

**3.** The Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), makes clear that the district court had jurisdiction to hear Gutierrez's petition. *Id.* at 314, 121 S.Ct. 2271 (holding that habeas jurisdiction under § 2241 was not

repealed either by AEDPA or IIRIRA). A separate question, and the one we principally deal with today, is whether the scope of a § 2241 habeas petition extends to a claim that the INS improperly balanced the equities of Gutierrez's case.

tierrez's challenge to the discretionary result the INS reached in his case. The Court stated in footnote 4 of *Ma* that "claims of statutory error and abuse of discretion in the application of the immigration laws have long been cognizable on habeas corpus." *Ma*, 257 F.3d at 1101 n. 5 (citing *Magana–Pizano* and *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954)). While this may be historically accurate, it does not tell the whole story.

Prior to 1996, aliens in deportation proceedings could bring a habeas challenge to their deportation under either (or both) of two habeas statutes. The first is the one that is the principal subject of this opinion, namely § 2241. However, there also existed another statutory grant of habeas jurisdiction: INA § 106(a)(10). That statute provided the following (before it was repealed by Congress in 1996): "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. § 1105a(a)(10) (1994), *repealed by* Anti–Terrorism and Effective Death Penalty Act of 1996, § 401(e), 110 Stat. 1214, 1268.

Thus, before Congress' enactment of AEDPA, there existed some statutory redundancy in the source of habeas relief for aliens in deportation proceedings. Both § 2241 and § 106(a)(10) permitted an alien to bring a habeas challenge to his or her deportation. But to say that § 2241 and § 106(a)(10) overlap in the sense that they both served as a means of habeas review is not to say that the scope of habeas review under each statute was equally broad. In fact, the scope of review was not.

Before 1996, immigration lawyers primarily relied on § 106(a)(10). *See Magana–Pizano*, 200 F.3d at 608 ("Prior to its repeal by AEDPA, INA § 106(a) provided the primary means of habeas review.").

Section 106(a)(10) was the preferred option because that statute, in contrast to § 2241, contained no textual boundary on claims of error that could be raised on habeas. Indeed, the only pre-conditions to bringing a § 106(a)(10) habeas claim were that the alien be in custody and be subject to a deportation order. Section 2241, on the other hand limits claims to those that allege violations of the constitution, federal statute, or treaties. Now that § 106(a)(10) has been repealed, though, Gutierrez can find no support for his 212(c) claim in *Ma*'s footnote 4.

This reading is supported by the *Ma* Court's cite to *Accardi*, where the Supreme Court was very careful to avoid reviewing the discretionary balance struck by the INS:

> It is important to emphasize that we are not here reviewing and reversing the *manner* in which discretion was exercised. If such were the case we would be discussing the evidence in the record supporting or undermining the alien's claim to discretionary relief. Rather, we object to the Board's alleged *failure to exercise* its own discretion, contrary to existing valid regulations.

*Accardi*, 347 U.S. at 268, 74 S.Ct. 499 (emphasis in original). Habeas is available to claim that the INS somehow failed to exercise discretion in accordance with federal law or did so in an unconstitutional manner. But habeas is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it did exercise its discretion.

*Magana–Pizano* also provides no basis for concluding that Gutierrez's claim of abuse of discretion can be raised in a § 2241 habeas petition. Again, the statement relied upon by Gutierrez comes in a footnote: "we held that district courts had jurisdiction under *both* INA § 106(a)(10) and 28 U.S.C. § 2241 to review a final

order of deportation, including the denial of discretionary relief pursuant to INA § 212(c)." *Magana–Pizano,* 200 F.3d at 608 n. 5 (emphasis in original) (citing *Sotelo Mondragon v. Ilchert,* 653 F.2d 1254, 1255 (9th Cir.1980)). Although this quote specifically mentions § 2241, it must be read in the context of the *Magana–Pizano* opinion as a whole.

As it is relevant to our purposes here, footnote 5 states that district courts can review the denial of discretionary relief under 212(c). But the word "review" in this context must mean only that courts can review whether the denial of discretionary relief involved a violation of federal law or the constitution. Later passages in *Magana–Pizano* indicate that this is the correct understanding of "review." On the very next page of the federal reporter after the page on which footnote 5 appears, the Court recognizes that:

> the scope of habeas review extends to both constitutional and statutory questions. 28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution, or laws, or treaties of the United States.'

*Magana–Pizano,* 200 F.3d at 609. Notably absent is the contention, advocated by Gutierrez, that § 2241 permits a Court of Appeals to re-weigh the equities in a given case so as to command the INS to exercise its discretion in a different way. Later in the opinion, the Court again recognizes the bounded scope of § 2241 habeas when it takes care to note that Magana Pizano's claim that § 440(d) doesn't apply to him is a "statutory claim cognizable in habeas proceedings." *Id.* at 610 n. 7. Footnote 5 is therefore best read as an assertion that § 2241 is a separate and additional avenue of habeas relief—distinct from

§ 106(a)(10)—and not as an expansion of the scope of § 2241 habeas.

Our reading of *Ma* and *Magana–Pizano* not to expand the bounded scope of habeas review under § 2241 is consistent with other circuits that have addressed the same issue. *See, e.g., Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001); *Bowrin v. INS,* 194 F.3d 483, 490 (4th Cir.1999); *Yang v. INS,* 109 F.3d 1185, 1195 (7th Cir.1997). In addition, the Supreme Court's recent opinion in *St. Cyr* cites with approval a commentator's observation of the "strong tradition in habeas corpus law ... that subjects the legally erroneous failure to exercise discretion, unlike a substantively unwise exercise of discretion, to inquiry on the writ." *St. Cyr,* 533 U.S. at 307, 121 S.Ct. 2271 (internal quotation marks and citation omitted). An alien simply cannot resort to habeas corpus relief as a means of getting a second bite at the purely discretionary 212(c) apple.

■ Of course, nothing we hold here should be interpreted to in any way limit review of an alien's allegations of a violation of the Constitution or federal statute in a § 2241 petition just because the case involves a discretionary determination. Indeed, this case, Gutierrez's case, illustrates this precise point. We have held that Gutierrez cannot use § 2241 habeas to obtain review of the equitable balance that the INS arrived at when it denied Gutierrez a 212(c) waiver of deportation. However, as is clear *infra,* Gutierrez's claims that the discretionary process was constitutionally flawed (because of an inadequate translation and the alleged bias of the IJ) are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.

■ We reiterate our holding to avoid any future confusion. Aliens may file § 2241 habeas petitions that allege constitutional or statutory error in the removal

**830**

process. *Cf. Singh v. INS*, 213 F.3d 1050, 1054 (9th Cir.2000) (finding that Singh was deprived of his due process right to a full and fair hearing when the BIA arbitrarily disregarded its own precedents and evidentiary standards without reasonable explanation). Habeas petitions that, on the other hand, do not allege such error but simply seek to change the discretionary result reached by the INS are not within the scope of § 2241 and should be denied.

### B. The remaining due process claims: bias and translation

Gutierrez claims that he was denied due process of law at the hearing before the IJ because of: (1) an inadequate translation by the interpreter that impaired his credibility with the IJ; and (2) the IJ's alleged bias against him because of his hometown (Cali, Colombia).

 To make out a violation of due process as the result of an inadequate translation, Gutierrez must demonstrate that a better translation likely would have made a difference in the outcome. *Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir. 1993). While it is true that there are several instances in the record where some confusion results from the cumbersome translation process, Gutierrez is ultimately unable to point to anything, other than his mere assertions, indicating that his credibility was so diminished as to likely change the outcome of the hearing. We therefore reject Gutierrez's due process claim based on an inadequate translation.

 Gutierrez also claims that he was denied his right to a full and fair hearing because the IJ revealed his alleged bias against Gutierrez because of his hometown. This Circuit has held that consideration of an improper factor (as bias would be) in a discretionary decision is grounds for relief. *Braun v. INS*, 992 F.2d 1016, 1021 (9th Cir.1993). However, no remedial action is necessary in this case because (as both the BIA and the district court found) the IJ's remarks taken in context reflected no bias.

### III. CONCLUSION

Although the district court erred when it considered on the merits Gutierrez's claim that the BIA failed to properly balance the equities when it denied 212(c) relief, we **AFFIRM** the ultimate decision of the district court denying Gutierrez's petition for habeas corpus.

McKEOWN, Circuit Judge, Concurring in the Judgment:

Although I find myself in agreement with much of the majority's opinion, including the ultimate result, I respectfully part company with the majority to the extent that its opinion can be read to bar habeas review under § 2241 in all cases that implicate abuse of discretion. It is one thing to acknowledge that Congress repealed direct judicial review of certain immigration orders; it is quite another to restrict habeas review for manifest abuse of discretion.

The Supreme Court and the Ninth Circuit have both held that the repeal of judicial review of final deportation orders does not affect the court's jurisdiction to review such orders under the general habeas statute, 28 U.S.C. § 2241. *INS v. St. Cyr*, 533 U.S. 289, 307–08, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999). Although I agree with the majority that *St. Cyr* offers no definitive resolution to the scope of habeas review, 533 U.S. at 298, 121 S.Ct. 2271, it counsels against total abdication of jurisdiction to review discretionary determinations for egregious abuse. The court specifically discussed "the historical use of habeas corpus to

remedy unlawful executive action," including arguments that habeas applies to claims of "the improper exercise of official discretion." 533 U.S. at 303–04, 121 S.Ct. 2271. The Court ultimately concluded that in St. Cyr's case, only "pure questions of law" were at issue. St. Cyr's claim—that the INS had incorrectly decided that he was statutorily ineligible for discretionary relief—did not necessitate abuse of discretion review. *Id.* at 304–05, 121 S.Ct. 2271. I would heed the Court's mandate and turn to the historical scope of § 2241 habeas corpus review for guidance on this question.

As we have previously explained, "[c]laims of . . . abuse of discretion in the application laws have long been cognizable on habeas corpus." *Ma v. Ashcroft,* 257 F.3d 1095, 1101 n. 4 (9th Cir.2001). The import of this statement is unmistakable. We also earlier noted § 2241 habeas jurisdiction to review of the denial of § 212(c) discretionary relief from deportation in *Sotelo Mondragon v. Ilchert,* 653 F.2d 1254, 1256–57 (9th Cir.1980) (the court noted jurisdiction both under § 2241 and the now-repealed § 106).[1]

Claims of *abuse* of discretion have always been considered claims that an official violated a statute, and thus that the petitioner is being held "in violation of the . . . laws . . . of the United States." 18 U.S.C. § 2241(c)(3). The Supreme Court specifically noted that "under the pre–1952

regime which provided only what *Heikkila*[2] termed the constitutional minimum of review, on habeas lower federal courts routinely reviewed decisions under the Seventh Proviso, the statutory predecessor to § 212(c), to ensure the lawful exercise of discretion." *St. Cyr,* 533 U.S. at 308 n. 30, 121 S.Ct. 2271; *see also id.* at 303–04 & n. 23, 121 S.Ct. 2271 (noting petitioner's claim of "historical evidence of the writ issuing to redress the improper exercise of official discretion" and citing cases); *see also Goncalves v. Reno,* 144 F.3d 110 n. 17 (noting amici argument that habeas jurisdiction traditionally allowed review for "manifest abuse of discretion").

It is also instructive to look to closely related contexts in which § 2241 habeas jurisdiction has been invoked to review official abuse of discretion. Even in the highly discretionary context of decisions to parole aliens not yet admitted, courts retained habeas jurisdiction to review INS decisions. *Marczak v. Greene,* 971 F.2d 510, 515–16 (10th Cir.1992) (noting that "the deference due an administrative determination hinges not simply on the petitioner's ability to proceed under the habeas statutes but rather on the realm of the agency's authority and the nature of the petitioner's dispute"); *Amanullah v. Nelson,* 811 F.2d 1, 9–10 (1st Cir.1987) (habeas review under "facially legitimate and bona fide" benchmark); *Bertrand v. Sava,* 684 F.2d 204, 210–11 (2d Cir.1982). The

---

1. A review of caselaw from sister circuits reveals little consensus. The Eighth Circuit has held that § 2241 habeas review extends to abuse of discretion claims. *Reyes–Lechuga v. Reno,* 183 F.3d 867, 867–68 (8th Cir.1999). Other circuits have declined to reach the issue. *See Goncalves v. Reno,* 144 F.3d 110, 125 & n. 7 (1st Cir.1998); *Alanis–Bustamante v. Reno,* 201 F.3d 1303, 1311 n. 16 (11th Cir.2000). Yet others have held that habeas review would not extend to abuse of discretion. *Sol v. INS,* 274 F.3d 648 (2d Cir.2001); *Toscano–Gil v. Trominski,* 210 F.3d 470, 473 (5th Cir.2000); *Bowrin v. INS,* 194 F.3d 483,

490 (4th Cir.1999); *Yang v. INS,* 109 F.3d 1185, 1195 (7th Cir.1997). With the exception of the recent *Sol* case, it is unclear whether these opinions continue to hold force in light of intervening Supreme Court authority. Indeed, *Yang* was expressly disapproved by the Supreme Court in *Reno v. American–Arab Anti–Discrimination Committee,* 525 U.S. 471, 480 n. 7, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).

2. *Heikkila v. Barber,* 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972 (1953).

Second Circuit's reasoning in *Bertrand* is persuasive:

> Discretion vested by statute in agents of the federal government is rarely, if ever, entirely free of judicial review for abuse. That discretionary power is not absolute power is fundamental to our constitutional form of government. The discretionary power to parole unadmitted aliens granted by statute to the Attorney General, and delegated by him to INS District Directors, is broad, but it is not without limits. In granting the Attorney General this discretionary power, Congress did not modify or qualify the availability of a habeas corpus action to unadmitted aliens detained pending completion of exclusion proceedings.

684 F.2d at 210–11 (internal citation and footnote omitted).

I have no quibble with the long-standing proposition that we will not disturb the BIA's discretion under § 212(c), as long as it considered relevant factors, explained its outcome, and is consistent with its own precedent. *See, e.g., Yepes–Prado v. INS*, 10 F.3d 1363 (9th Cir.1993). We must not, however, confuse the standard of review or the scope of review with lack of jurisdiction to review. *See Marczak*, 971 F.2d at 516. The majority's reliance on the traditional distinction between the manner in which discretion is exercised and the failure to exercise discretion cuts too broad a swath. *See St. Cyr*, 533 U.S. at 307–08, 121 S.Ct. 2271; *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954). Failure to exercise any discretion is a manifest abuse of discretion reviewable under § 2241. This fact does not, however, foreclose review in other circumstances of manifest abuse of discretion.