Estela CORVERA–YONG, Petitioner,

v.

Adele FASANO, District Director, Immigration and Naturalization Service, Respondent.

No. CIV. 03CV1651JH(JMA).

United States District Court, S.D. California.

Jan. 12, 2004.

**1168**

Estela Corvera–Yong, National City, CA, for Petitioner.

U S Attorney CV, U S Attorneys Office, San Diego, CA, for Respondent.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

HOUSTON, District Judge.

On August 18, 2003, Petitioner filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241 and a request to stay removal. District Judge Jeffrey T. Miller granted the immediate stay of removal and set a briefing schedule for the petition. Respondent filed a return on September 23, 2003. Petitioner did not file a traverse.

## BACKGROUND

The following background facts are taken from the petition and are not disputed by Respondent. Petitioner, a citizen of Mexico, entered the United States without inspection in November 1988. On December 6, 1996, Petitioner submitted to the Immigration and Naturalization Service ("INS") to be placed in deportation proceedings, with the intent to seek suspension of deportation pursuant to § 244 of the Immigration and Nationality Act ("INA"). Petitioner was placed in removal proceedings on February 3, 1999. On May 22, 2000, Petitioner appeared at an immigration hearing and requested suspension of deportation under § 244 of the INA. The immigration judge denied her request, but granted her voluntary departure. Petitioner filed a notice of appeal with the Board of Immigration Appeals ("BIA") on May 25, 2000. The BIA dismissed the appeal on July 11, 2002. Petitioner filed a petition for review before the Ninth Circuit Court of Appeals.[1] The Ninth Circuit dismissed the petition as untimely on May 19, 2003.

## DISCUSSION

Petitioner seeks discharge of the removal order under 28 U.S.C. § 2241, alleging "she has no other adequate remedy at law" and on the grounds the order of removal "is a product substantively defective legal determination." Petition at 3, ¶ 8. She argues, because the government delayed in processing her when she voluntarily submitted to deportation proceedings, with the intent to seek relief under § 244 of the INA, she is entitled to estoppel. Respon-

---

1. Petitioner does not provide the date she filed her petition with the Ninth Circuit, but merely states "[t]hereafter, the petitioner filed a petition for review." Petition at 3.

dent argues direct appeal to the Ninth Circuit is Petitioner's only judicial review available and, therefore, the petition should be dismissed. Respondent further argues the Ninth Circuit previously rejected estoppel and retroactivity arguments.

■ District courts have subject matter jurisdiction over habeas petitions filed pursuant to 28 U.S.C. § 2241 where the petition alleges constitutional or statutory error. *See INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *see also Flores–Miramontes v. INS,* 212 F.3d 1133 (9th Cir.2000); *Magana–Pizano v. INS,* 200 F.3d 603 (9th Cir.1999). However, a habeas petition that merely seeks to change a discretionary result is not within the scope of habeas review. *Gutierrez–Chavez v. INS.,* 298 F.3d 824, 830 (9th Cir.2002).

■ Petitioner argues the BIA failed to address her estoppel argument and she should be able to proceed for relief under § 244 of the INA. Petitioner seeks relief based on statutory error. Notwithstanding, Respondent argues Petitioner is precluded from seeking habeas corpus relief before this Court, because direct review is available. Specifically, Respondent argues that 8 U.S.C. § 1252(a)(1) and (b)(9) demonstrate Congress' clear intent to provide direct review as the exclusive review available for challenges to orders of removal.

The Supreme Court, in *INS v. St Cyr,* determined § 1252(a)(1) does not bar habeas jurisdiction. 533 U.S. at 312, 121 S.Ct. 2271. The Court further found the language of § 1252(b)(9) does not bar habeas review of removal orders "not subject to judicial review under § 1252(a)(1)" in-

cluding those ordered removed for committing a criminal offense.[2] *Id.* at 313–14, 121 S.Ct. 2271. The Court reasoned that the lack of another judicial forum with the absence of an express statement of Congress' intent to preclude habeas review "counsels against adopting a construction that would raise serious constitutional questions." *Id.* at 314, 121 S.Ct. 2271. The Court also stated that, "[i]f it were clear that the question of law could be answered in another judicial forum, it might be permissible to accept INS' reading" that § 1252 bars habeas jurisdiction. *Id.*

Respondent argues Petitioner is precluded from seeking habeas relief before this Court, because judicial review before the Ninth Circuit is her exclusive remedy. Although the Supreme Court has not directly addressed whether a petitioner is barred from seeking habeas relief when another forum is available, the Ninth Circuit has held that district courts lack jurisdiction under § 2241 when another statutory remedy is available. *Taniguchi v. Schultz,* 303 F.3d 950 (9th Cir.2002).[3] The petitioner in *Taniguchi* sought habeas review asserting United States citizenship. The court affirmed the district court's holding that it lacked jurisdiction to hear Plaintiff's habeas petition. The court reasoned, that because § 1252(b)(5) provides a specific remedy, "it is the exclusive means of determining U.S. citizenship for aliens in removal proceedings."

Like § 1252(b)(5), § 1252(b)(9) provides a specific remedy for constitutional and statutory challenges to removal proceedings. Section 1252(b)(9) reads:

---

**2.** The Petitioner in *St. Cyr* became deportable after his conviction for selling a controlled substance. *INS v. St. Cyr,* 533 U.S. at 293, 121 S.Ct. 2271.

**3.** *See also Magana–Pizano v. INS,* 200 F.3d at 608 (holding district courts retain jurisdiction

under § 2241, when there is no other judicial forum); *but see Liu v. Immigration and Naturalization Svc.,* 293 F.3d 36 (2nd Cir.2002) (court has jurisdiction to hear collateral attack on a final order of removal).

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action or proceeding brought to remove an alien from the United States under this subchapter shall be *available only in judicial review of a final order* under this section.

(emphasis added).

A petition for review of a final order is properly filed with the court of appeals. 8 U.S.C. § 1252(b)(2). Petitioner is provided a specific remedy for challenging the order of removal.

In accordance with Ninth Circuit law, this Court finds it lacks subject matter jurisdiction over the petition for writ of habeas corpus. Accordingly, IT IS HEREBY ORDERED the petition for writ of habeas corpus is DISMISSED.