Alexander Yap TIU, Petitioner—Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE; California Service Center, CSC; John Ashcroft, Attorney General; James W. Ziglar, Commissioner of the Ins; Christine Poulos, Acting Director of the California Service Center, Respondents—Appellees.

No. 03–55310.

D.C. No. CV–02–05135–MLR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 13, 2004.

Nancy E. Miller, Esq., Robert L. Reeves & Associates, Pasadena, CA, Elsie V. Hui, Reeves & Associates, Pasadena, CA, for Petitioner–Appellant.

Robyn–Marie Lyon Monteleone, Esq., USLA–Office of the U.S. Attorney, Civil Division, Los Angeles, CA, for Respondents–Appellees.

Before CANBY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Petitioner, Alexander Yap Tiu, appeals the district court's order granting the Immigration and Naturalization Service's ("INS") motion to dismiss his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Tiu's amended habeas petition challenged the INS's denial of his application for adjustment of status under 8 U.S.C. § 1255a. The district court dismissed Tiu's petition on the ground that it lacked jurisdiction to review the INS' discretionary adjustment of status determination.

We have jurisdiction to review the final order of a district judge in a habeas corpus proceeding pursuant to 28 U.S.C. §§ 1291 and 2253. We review the district court's denial of a habeas petition *de novo. See Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 878 (9th Cir.2003).

The scope of habeas jurisdiction under 28 U.S.C. § 2241 is limited to claims that allege constitutional or statutory error. Habeas corpus is not available simply to change the discretionary result reached by the INS. *See Gutierrez–Chavez v. INS,* 298 F.3d 824, 828 (9th Cir.2002). "Habeas is

---

available to claim that the INS somehow failed to exercise discretion in accordance with federal law or did so in an unconstitutional manner[, but it] is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *Id.; see also Singh v. Ashcroft,* 351 F.3d 435, 439 (9th Cir.2003).

Tiu's habeas petition challenges the INS's denial of his application for adjustment of status under 8 U.S.C. § 1255a. This is a discretionary decision that is not subject to judicial review, except in the context of a review of an order of deportation. 8 U.S.C. § 1255a(f)(4)(A). Tiu does not allege that the INS failed to exercise its discretion in accordance with federal law. Nor does he identify any constitutional deficiencies in the INS's process for determining adjustment of status eligibility. Instead of challenging the manner in which the INS reached its decision regarding adjustment of status, Tiu is challenging the merits of the INS's decision. Petitions for writ of habeas corpus that seek to change the discretionary result reached by the INS are outside of the jurisdictional scope of § 2241. *See Gutierrez–Chavez,* 298 F.3d at 830–31.[1]

AFFIRMED.

---

1. Our disposition makes it unnecessary to address the other jurisdictional challenges presented by the government.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.