**Farangis NAJMABADI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71311.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Aug. 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Security, Los Angeles, CA, Ronald E. Le-
Fevre, Chief Legal Officer, Office of the
District Counsel, Department of Homeland
Security, San Francisco, CA, Margaret
Perry, Esq., Mary Jane Candaux, Esq.,
U.S. Department of Justice, Washington,
DC, for Respondent.

Before: HAWKINS, THOMAS, and
BEA, Circuit Judges.

### MEMORANDUM **

Farangis Najmabadi ("Najmabadi") pe-
titions for review of the Board of Immigra-
tion Appeal's ("BIA") summary affirmation
of the Immigration Judge's ("IJ")[1] order
of removal and denial of asylum.

Substantial evidence supports the
IJ's determination that Najmabadi did not
establish a well-founded fear of persecu-
tion on account of her imputed political
opinion. Her testimony provides only a
highly speculative link between her mis-
haps in the United States and the Iranian
government. Najmabadi also testified
that (1) she is not political; (2) she is not
affiliated with any group that might be
mistaken for political; (3) her friends and
family are not subjected to harsh treat-
ment in Iran, nor do they fear she will be;
and (4) she did not believe she was impor-
tant enough to merit the attention of the
former Shah's intelligence service. A rea-
sonable factfinder could, therefore, easily
reject her speculation as to the cause of
her "harassment" in the United States,
and the record does not compel a contrary
result. *See Ochave v. INS,* 254 F.3d 859,
866 (9th Cir.2001).

Xavier Rosas, Law Offices of Enrique
Arevalo, South Pasadena, CA, for Petition-
er.

Regional Counsel, Laguna Niguel, CA,
CAC–District Counsel, Esq., Office of the
District Counsel, Department of Homeland

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. The IJ conducting the hearing was Gilbert
T. Gembacz.

To the extent Najmabadi's fear of persecution is based on her refusal to conform to the social norms of Iran if returned to that country, this court has already held that an Iranian woman could not succeed on a claim of political persecution solely because she could be prosecuted for breaking dress and conduct rules. *See Fisher v. INS,* 79 F.3d 955, 962–63 (9th Cir.1996).[2]

 Najmabadi's claim that she was denied due process when the IJ allowed her to forego her right to an interpreter also fails because she repeatedly indicated that she wished to proceed in English, and an interpreter was on hand in the event that she had difficulty understanding or communicating. Although her testimony is at times difficult to follow, her answers are generally responsive to the IJ's questions. *See Acewicz v. INS,* 984 F.2d 1056, 1063 (9th Cir.1993). Moreover, she has not indicated how the substance of her answers would have differed and, thus, has not established prejudice. *See Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir. 2002).

Finally, Najmabadi's argument that the BIA erred in streamlining her case because the IJ did not require "heightened findings" is without merit. *Matter of S–H–,* 23 I & N Dec. 462 (BIA 2002), only held that an IJ must make "clear and complete findings of fact," and there is no indication that the IJ in her case failed to make such comprehensive findings in his decision.

**PETITION DENIED.**

---

2. Additionally, her argument that she will be persecuted because she "design[s] women's clothes and [will] liberate women from the oppressive nature of their society" is made for the first time before this court, and there is no evidence in the record indicating that Najmabadi would have any such agenda upon returning to Iran.

