**Benjamin Cruz RAMIREZ, Petitioner–Appellant,**

v.

**Thomas SCHILTGEN, District Director of the Immigration and Naturalization Service; et al., Respondents–Appellees.**

**No. 03–56789.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Gary H. Manulkin, Esq., Manulkin, Glaser & Bennett, Fountain Valley, CA, for Petitioner–Appellant.

Reyna M. Tanner, The Law Offices of Manulkin, Glaser and Bennett, Fountain Valley, CA, Joanne S. Osinoff, Esq.,

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

USLA–Office of the U.S. Attorney Civil Division, Los Angeles, CA, for Respondents–Appellees.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Benjamin Cruz Ramirez, a native and citizen of Mexico, appeals the district court's judgment dismissing his 28 U.S.C. § 2241 petition. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Ramirez contends that the district court erred in determining that his claims were not cognizable on federal habeas review. We disagree. Ramirez's § 2241 petition seeks to challenge the denial of his motion to reopen by the Immigration Judge ("IJ"). He contends that the IJ failed to afford sufficient weight to the evidence that Ramirez was too sick to appear at his hearing. Habeas jurisdiction, however, is not available to "second-guess the manner in which the INS chooses to exercise [its] discretion." *Gutierrez–Chavez v. INS*, 298 F.3d 824, 827 (9th Cir.2002). Given that Ramirez's petition does not allege constitutional or statutory errors, the district court properly denied it. *See id.* at 830. To the extent that Ramirez contends that this court should transfer his § 2241 petition to ourselves, we conclude that there is no basis to do so. *See* 28 U.S.C. § 1631.

Ramirez contends for the first time on appeal that his constitutional rights to due process were violated by the manner in which he was detained and removed. Be-

cause this claim was not raised in the habeas petition before the district court, we do not consider it. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

