**Wasef AL–GHALAYINI, Petitioner— Appellant,**

**v.**

Alberto GONZALES,* Attorney General; Michael Garcia, Assistant Secretary, Bureau of Immigration and Customs Enforcement, Department of Homeland Security, Respondents—Appellees.

No. 04–55510.

D.C. No. CV–03–01594–WQH/AJB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2005.**

Decided Feb. 24, 2005.

Jonathan D. Montag, Esq., Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

Before PREGERSON, CANBY, and BEEZER, Circuit Judges.

## MEMORANDUM ***

Wasif Al–Ghalayini, a Palestinian born in Kuwait but a citizen of Jordan, was ordered removed from the United States for conviction of a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). Al–Ghalayini then filed an application for political asylum claiming that he would be persecuted for his alleged conversion to Christianity. An Immigration Judge granted the application but subsequently was reversed by the Board of Immigration Appeals ("BIA").[1] Al–Ghalayini's petition for review before this court was dismissed for lack of juris-

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The BIA concluded that Al–Ghalayini's claim of conversion was not credible because he lacked knowledge of the basic tenets and practices of the Christian faith. Furthermore, the BIA found that (even if the conversion was genuine) Al–Ghalayini had offered insufficient evidence to demonstrate that his fear of persecution was objectively reasonable.

diction to review a removal order based on conviction of a crime involving moral turpitude. *See, e.g., Flores–Miramontes v. INS,* 212 F.3d 1133, 1134 (9th Cir.2000). Al–Ghalayini then filed a petition for habeas corpus in the district court. *See* 28 U.S.C. § 2241. He now appeals the district court's dismissal of his petition.

We affirm the district court's dismissal of the petition because Al–Ghalayini fails to raise an issue within the scope of habeas review.[2] "Habeas is available to claim that the INS somehow failed to exercise discretion in accordance with federal law or did so in an unconstitutional manner. But habeas is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *Gutierrez–Chavez v. INS,* 298 F.3d 824, 828 (9th Cir.2002), *as amended on denial of reh'g,* 337 F.3d 1023 (9th Cir. 2003). Al–Ghalayini does not raise an issue within the scope of habeas review because, instead of alleging statutory or constitutional error in the removal process, he merely seeks to overturn the BIA's adverse credibility determination.

AFFIRMED.

---

**2.** We review de novo a district court's denial of habeas relief filed pursuant to 28 U.S.C. § 2241. *Singh v. Ashcroft,* 351 F.3d 435, 438 (9th Cir.2003).

