**Maria Isabel MEDINA–MEZA; David Calderon–Barbosa, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–73157.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.\*

Filed Nov. 25, 2008.

R.App. P. 34(a)(2).

Teresa Salazar, Law Offices of Martin Resendez, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Maria Isabel Medina–Meza and David Calderon–Barbosa, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Morales Apolinar v. Mukasey,* 514 F.3d 893, 895 (9th Cir.2008), and we deny the petition for review.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

The BIA acted within its discretion in denying petitioners' motion to reconsider because the motion failed to identify an error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1). Petitioners' contention that the immigration judge's decision and removal hearing should have been translated in their entirety is unavailing. *See Kohli v. Gonzales,* 473 F.3d 1061, 1067 (9th Cir.2007) ("[A] violation of [a] regulation will not render a deportation unlawful unless the violation prejudiced the interests of the alien protected by the regulation.") (internal quotation marks and citation omitted); *see also Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir.2002), *amended by* 337 F.3d 1023 (9th Cir.2003) (in order to show that an incomplete translation violated due process, a petitioner "must demonstrate that a better translation likely would have made a difference in the outcome").

**PETITION FOR REVIEW DENIED.**