**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHOSROU HAJIKHAN MOHAMMADI, | No. 06-74445 |
| Petitioner, | Agency No. A078-675-930 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 2, 2010**
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.***

Substantial evidence supports the BIA's conclusion that Mohammadi's

experiences in Peru did not rise to the level of past persecution, given that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Mohammadi failed to show that the unfulfilled threats forming the "primary part of [his] past persecution claim" were either "especially menacing," *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000), or "accompanied by . . . violent confrontations, near-confrontations and vandalism," *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004). Substantial evidence likewise supports the BIA's conclusion that Mohammadi lacked a well-founded fear of future persecution. The 2002 and 2003 Country Reports on Peru are silent regarding discrimination against Middle Easterners or those perceived to be Muslim, *see Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir. 1995), and Mohammadi did not rebut the government's argument that he could reasonably relocate to a bigger city in Peru to avoid the problems he experienced in the small town of Barranca, *see* 8 C.F.R. § 208.13(b)(2)(ii). Therefore, the BIA's denial of Mohammadi's asylum and withholding of removal claims was supported by substantial evidence.

Because Mohammadi presented no evidence of past torture or of country conditions conducive to future torture, substantial evidence also supports the BIA's conclusion that Mohammadi is ineligible for relief under the Convention Against Torture. *See* 8 C.F.R. § 1208.16(c)(3). Remand to the agency for further proceedings is unnecessary because Mohammadi has not established that he suffered any prejudice from the translation problems at his removal hearing and

2

therefore has shown no violation of his due process rights.  *See, e.g.*, *Gutierrez-Chavez v. INS*, 298 F.3d 824, 830 (9th Cir. 2002).

**PETITION DENIED.**