**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AUREL POSTESCU, | No. 13-72468 |
| Petitioner, | Agency No. A046-743-036 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:      CLIFTON, BEA, and WATFORD, Circuit Judges.

Aurel Postescu, a native and citizen of Romania, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  *Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013).  We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

Substantial evidence supports the agency's determination that Postescu's experiences in Romania, even considered cumulatively, did not rise to the level of persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (employment discrimination did not rise to level of persecution).  Further, substantial evidence supports the agency's finding that Postescu failed to establish a well-founded fear of future persecution in Romania on account of his Baptist religion or his political opinion. *See Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009) (petitioner failed to establish the objective component of a well-founded fear of future persecution).

Because Postescu failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Postescu's CAT claim because Postescu failed to establish it is more likely than not he would be

13-72468

tortured by or with the consent or acquiescence of a public official in Romania. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Postescu's contention that the translation at his hearing was inadequate because Postescu has not established prejudice. *See Gutierrez-Chavez v. INS*, 298 F.3d 824, 830 (9th Cir. 2002), *amended on denial of reh'g by* 337 F.3d 1023 (9th Cir. 2003) (rejecting due process claim based on inadequate translation because petitioner failed to demonstrate a better translation likely would have affected the outcome of the proceedings); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**