FILED

OCT 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ELIECER PUCHANA FULA; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71049 <br><br> Agency Nos.    A099-068-548 <br>                  A099-068-549 <br>                  A099-068-550 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

Petitioner Jorge Eliecer Puchana Fula ("Fula"), his wife, and his daughter are Colombian citizens applying for asylum due to alleged persecution by drug traffickers and/or a terrorist group for reporting a money laundering scheme to Colombian authorities. The IJ denied asylum and the BIA affirmed.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, substantial evidence supports the IJ's adverse credibility determination where Fula's oral testimony was inconsistent with his initial written asylum application. *See Kin v. Holder*, 595 F.3d 1050, 1056–57 (9th Cir. 2010). Second, the IJ's extensive questioning of Fula did not constitute a Due Process violation. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003). Nor did interruptions by the interpreter to clarify translations violate Fula's Due Process rights. *See Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 830 (9th Cir. 2002). Third, and most importantly, Fula's alleged persecution is not on account of a protected basis. 8 U.S.C. § 1231(b)(3)(A) (2012). Finally, Fula has failed to show that the Colombian government would remain willfully blind to any attempted torture of Fula because it continued to offer Fula a bodyguard. Thus he is not entitled to protection under the Convention Against Torture. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

The petition is **DENIED**.