**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS FERNANDO HERNANDEZ GARCIA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-234<br><br>Agency No.<br>A204-722-936<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 27, 2023
San Francisco, California

Before: BOGGS,** M. SMITH, and OWENS, Circuit Judges.

Petitioner Luis Fernando Hernandez-Garcia, a native and citizen of

Mexico, challenges the Board of Immigration Appeals' (BIA) dismissal of his

appeal from the Immigration Judge's (IJ) denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the
Court of Appeals, Sixth Circuit, sitting by designation.

(CAT). The parties are familiar with the facts, so we do not recount them here. We deny the petition for review.

1. The agency did not abuse its discretion in finding that Petitioner's convictions were particularly serious crimes (PSC) that render him ineligible for asylum relief. To determine whether a crime is particularly serious for purposes of asylum eligibility, the agency must consider (1) "the nature of the conviction," (2) "the type of sentence imposed," and (3) "the circumstances and underlying facts of the conviction." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020). Our review of a PSC determination is "limited to ensuring that the agency relied on the 'appropriate factors' and 'proper evidence' to reach [its] conclusion." *Id.* We "cannot reweigh evidence to determine if the crime was indeed particularly serious." *Id.* at 966.

The agency found that Petitioner's conviction by guilty plea of four felony counts of unlawful sexual intercourse with a person under 18 in violation of California Penal Code § 261.5(d), for which he was sentenced to seven years imprisonment, constituted a PSC. In so finding, the agency considered police reports related to Petitioner's arrests underlying those convictions, which contained allegations of forcible rape. Because Petitioner was convicted only of statutory rape, he claims that the reports "ha[ve] nothing to do with [his] actual convictions" and the agency erred in considering them.

Petitioner's argument is foreclosed by our decision in *Bare v. Barr*. There, the petitioner argued that the agency, in determining whether his felon-

2

in-possession conviction was a PSC, should not have considered "facts which did not directly go to an element of" his conviction, such as the fact that he had an arms-dealing business, or instances where he had made threats or had been violent. *Bare*, 975 F.3d at 964-65. We rejected this argument, noting that this was "information [] within the realm of what the IJ and BIA could consider" when making a PSC determination. *Id.* at 965. Here too, the agency was permitted to consider the circumstances underlying Petitioner's convictions as stated in the police reports, even though Petitioner was not convicted of forcible rape. And like the petitioner in *Bare,* Petitioner does not argue that the report is unreliable in any specific respect. *Id.* The agency therefore did not abuse its discretion. *See id.* at 966.

2. Petitioner, who is deaf and mute, was not denied due process due to inadequate translation. "Due process requires that an applicant be given competent translation services." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). However, "an IJ may ameliorate the damage caused by an incompetent translation by asking for '[c]larification or repetition,'" or otherwise accommodating the Petitioner's needs. *Perez-Lastor v. INS,* 208 F.3d 773, 782 (9th Cir. 2000) (alteration in original).

Here, Petitioner initially appeared to not understand some questions asked by the IJ through a sign language interpreter during his hearing, which was conducted virtually over WebEx. However, the record shows that the IJ made repeated efforts to (1) ask Petitioner whether he understood what was being

3

said, (2) tell Petitioner to inform him if he did not understand, (3) repeat and re-phrase questions so that Petitioner could understand, and (4) have the camera zoom in so that Petitioner could see the translator's signing better. Petitioner also affirmed multiple times that he understood what was said, and was able to request clarification from the interpreter when he did not understand. These facts present a far cry from those in *Perez-Lastor*, where incompetent translation violated due process and the IJ "aggressively cross-examin[ed] the petitioner." *Id*. at 776, 782.

Petitioner's claim also fails because he cannot "demonstrate that a better translation likely would have made a difference in the outcome." *Gutierrez–Chavez v. INS*, 298 F.3d 824, 830 (9th Cir. 2002), *amended by* 337 F.3d 1023 (9th Cir. 2003). Petitioner does not state any facts about his convictions that would have been revealed or negated if he had a better interpreter, nor how those facts would have affected the outcome. Moreover, the IJ considered other factors in making his PSC determination, including that "sexual offenses perpetrated in [*sic*] children have been traditionally deemed to be exceptionally serious crimes," and that Petitioner's sentence of seven years was "an extremely, extraordinarily large and excessive term of imprisonment and highlights the gravity of respondent's crime." Because Petitioner cannot show prejudice, the BIA did not err in rejecting his due process challenge.

3. Finally, substantial evidence supports the agency's denial of Petitioner's CAT claim. To establish relief under CAT, an applicant must

establish that it is "more likely than not" that he will be tortured by or with the acquiescence of a public official if removed. *Singh v. Whitaker*, 914 F.3d 654, 662-63 (9th Cir. 2019). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment." 8 C.F.R. § 1208.18(a)(2).

Petitioner argues that the agency erred by "ignoring the evidence set forth in the country conditions [reports]" purportedly showing "widespread abuse" against deaf individuals. As a threshold matter, however, the IJ did review the evidence that Petitioner provided about discrimination against the deaf. Moreover, the agency correctly concluded that Petitioner was not entitled to relief because the discrimination Petitioner feared did not rise to the level of torture. *See Acevedo Granados v. Garland*, 992 F.3d 755, 764-65 (9th Cir. 2021).

**PETITION FOR REVIEW DENIED.**