NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAMAD MOHSEN THABIT SAAD SAYAD,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-520

Agency No.
A213-373-797

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2024
San Francisco, California

Before: NGUYEN, R. NELSON, and BRESS, Circuit Judges.

Hamad Mohsen Thabit Saad Sayad (Sayad), a native and citizen of Yemen, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sayad contends that the IJ erred in finding his testimony not credible and that problems with his interpreters violated his due process rights. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

The agency denied all three applications for relief based on an adverse credibility determination. We review adverse credibility determinations under the substantial evidence standard, *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021), and examine "the totality of the circumstances" underlying the adverse credibility finding. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Although the substantial evidence standard is deferential, "speculation and conjecture cannot form the basis of an adverse credibility finding." *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir. 2004) (quoting *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000)) (brackets omitted); *see also Kumar*, 18 F.4th at 1153 (granting petition for review where "several of the alleged inconsistencies are not inconsistent at all, and the implausibility finding is wholly unsupported"). In addition, "[i]f the IJ relies upon purported inconsistencies to make an adverse credibility determination, the IJ must provide the noncitizen with an opportunity to explain each inconsistency." *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022) (quoting *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022)).

Here, substantial evidence does not support the agency's adverse credibility finding. As the government agreed at oral argument, the BIA upheld only two bases

for the IJ's adverse credibility determination: (1) inconsistencies concerning Sayad's account of his father, and (2) inconsistencies concerning the circumstances and timing of Sayad's return to Yemen. But on each of these grounds, key aspects of the agency's reasoning are unsupported.

*First*, although the agency identified purported inconsistencies and implausibilities in Sayad's account of his father, those findings lack support in the record. The agency disbelieved Sayad because it perceived an inconsistency between his testimony that he had not had contact with his father since 2014 and his possession of information about his father post-dating 2014, such as a copy of his father's passport and medical report. But Sayad testified that his brother obtained the passport without his father being present, and the agency did not address this explanation. Further, Sayad was never asked how he obtained the medical report. There is no inherent contradiction between Sayad's account that he had not had contact with his father since 2014 and Sayad's possession of information about his father post-dating 2014. Nor was Sayad given an opportunity to explain the perceived inconsistency. *See Dong*, 50 F.4th at 1297.

The agency's additional findings about Sayad's account of his father are also unsupported. The agency found it implausible that Sayad "would return to Yemen if he would be unable to see his father" because his father was detained at an unknown location. But this was improper "speculation and conjecture" on the

agency's part. *Kumar v. Gonzales*, 444 F.3d 1043, 1052 (9th Cir. 2006). The record does not support the agency's finding that it would be implausible for Sayad to want to return to Yemen to aid his father upon learning that his father was sick, even though Sayad was not sure where his father was being held. *See Karouni v. Gonzales*, 399 F.3d 1163, 1176 (9th Cir. 2005) ("Faced with the difficult choice of returning to Lebanon to see his dying parents or remaining in the safe haven of the United States, we do not fault Karouni for his choice to return to Lebanon to see his parents one last time.").

The agency also discredited Sayad's account because he claimed to have learned about his father's stroke from neighbors but did not know how the neighbors knew about the stroke. But Sayad also testified that his brother had told him about his father suffering a stroke and believed that the Houthis had told his brothers this information. It is also not implausible that Sayad learned this information from neighbors without knowing how they learned of it.

*Second*, the agency identified inconsistencies in the dates and circumstances of Sayad's trip to Saudi Arabia and return to Yemen, but these findings are likewise unsupported. The agency understood Sayad to say in his credible fear interview that he returned to Yemen in 2017 and lived there for over a year before being attacked by the Houthis, but to say in his testimony before the IJ that he returned to Yemen in 2018 and was immediately attacked by Houthis on the day of his arrival. But

Sayad never clearly testified that he was attacked by Houthis within hours of his return to Yemen. Nor was Sayad given a sufficient opportunity to explain what the agency described as a "stark contradiction" in his two narratives.

Although it appears Sayad did testify inconsistently as to whether he returned to Yemen in 2017 or 2018, the agency did not rely on the bare fact of these discrepant dates, which would be insufficient on this record to support the adverse credibility finding. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000) (explaining that "[a]ny alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding"). Instead, the agency found that the timing issues were significant because Sayad in his testimony before the IJ gave a materially different account of being apprehended immediately upon his return to Yemen. That finding, as we have explained, was unsupported.

For the foregoing reasons, we grant the petition and remand to the agency for further proceedings, which may include further examination of Sayad's credibility, but on an open record.[1]

**PETITION GRANTED.**

---

[1] Sayad also argues that issues with his interpreters violated his due process rights. Although Sayad has identified some deficiencies in the translations, it is not apparent that they caused him additional prejudice. *See Gutierrez-Chavez v. INS*, 298 F.3d 824, 830 (9th Cir. 2002). However, we expect the agency to be mindful of any language barriers in the further proceedings on remand.