**Eduardo Arnoldo VASQUEZ, a.k.a. Eduardo Aroldo Vasquez, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–74198.**
**Agency No. A70–787–140.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

R.App. P. 34(a)(2).

Enrique Arevalo, South Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John L. Davis, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Saul E. Greenstein, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

MEMORANDUM **

Eduardo A. Vasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) and we deny the petition for review.

■ The IJ found incredible Vasquez's assertion that a guerilla shot at him while he was riding his motorcycle where Vasquez testified that he could not see his assailant, but could tell from the sound of the discharge that the assailant used a high caliber of weapon, and only guerillas and the military have such weapons. The IJ further found incredible Vasquez's testimony that he believed the guerillas arranged for him to arrest a person for drinking alcohol, and then caused a car to swerve in front of Vasquez while he was moving the detainee's vehicle to the parking lot, so that Vasquez would be charged with damaging property and lose his job with the police. Because the IJ provided specific, cogent reasons for finding petitioner not credible, and the IJ's findings are supported by underlying facts in the record, we conclude that the IJ's denial of asylum is supported by substantial evidence. *See id.*

Vasquez's contention that the translation affected the credibility finding lacks merit because the translator and Vasquez spoke the same language, the translator only consulted a dictionary twice during the hearing and, in any event, those portions of the testimony that led the translator to

consult a dictionary did not form the basis of the IJ's credibility finding. *See Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir.2002).

 Because petitioner failed to show that he was eligible for asylum, it follows that he did not qualify for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.