**Gurpreet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney**

General,\* Respondent.

No. 03–71759, 03–74238.
Agency No. A77–433–825.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2005.\*\*
Decided June 20, 2005.

Earle A. Sylva, Hardeep S. Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Mary Jane Candaux, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto Gonzales is substituted for his predecessor as Attorney General. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REAVLEY,[***] T.G. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM[****]

Gurpreet Singh petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") order denying his petition for asylum, withholding of removal, and relief under the Convention Against Torture.[1] Singh also petitions for review of the BIA's denial of his motion to reopen to apply for adjustment of status based on his marriage to an United States citizen. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny both petitions.

■ The record does not compel a finding that Singh testified credibly.[2] The doctor's note that he provided contradicted his testimony regarding the nature of his injuries while in police custody. Additionally, his testimony contradicted the affidavits he submitted regarding the nature of his political activities.

■ Because Singh failed to produce any evidence of his motivation for entering the marriage, the BIA did not abuse its discretion in denying Singh's motion to reopen.[3] The BIA's reasoning was "explained with enough clarity so that we can understand the rationale."[4]

■ Singh's due process claim based on translation problems fails because he has not shown "that a better translation likely would have made a difference in the outcome."[5] Singh's testimony regarding his injuries was clear, and was not the result of translation problems. Accordingly, we deny the petitions.

**PETITIONS DENIED.**

---

[***] The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

[****] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 8 C.F.R. § 208.16(c).

2. *See He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003) ("We review credibility findings under a substantial evidence standard."); *Ochave v. INS,* 254 F.3d 859, 862 (9th Cir. 2001) (stating that, under the substantial evidence standard, "we must uphold the IJ's findings unless the evidence not only supports, but compels, contrary findings").

3. *Malhi v. INS,* 336 F.3d 989, 994 (9th Cir. 2003) ("[A]n applicant must offer evidence that is probative of the motivation for marriage, not just the bare fact of getting married.").

4. *Kalubi v. Ashcroft,* 364 F.3d 1134, 1141 (9th Cir.2004).

5. *Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir.2002), *amended by* 337 F.3d 1023 (9th Cir.2003).