Anthony W. FRANCOIS, Petitioner—
Appellant,

v.

Alberto R. GONZALES, Attorney
General; Michael Chertoff,*
Respondents—Appellees.

No. 04–16896.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 23, 2005.

Anthony W. Francois, Eloy, AZ, pro se.

Cynthia M. Parsons, Office of the U.S. Attorney, Phoenix, AZ, for Respondents–Appellees.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM ***

Anthony W. Francois appeals pro se the district court's judgment dismissing his 28 U.S.C. § 2241 habeas petition, which challenged an immigration judge's ("IJ") order that deemed his application for adjustment of status abandoned.

Francois contends he received ineffective assistance of counsel at his IJ hearing. We conclude that we lack jurisdiction

---

* Pursuant to Fed. R.App. P. 43(c)(2), Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, and Michael Chertoff is substituted for his predecessor, Thomas Ridge, as Secretary for the Department of Homeland Security.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

over this unexhausted claim. *See Sun v. Ashcroft*, 370 F.3d 932, 939–44 (9th Cir. 2004) (holding that 8 U.S.C. § 1252(d)(1) imposes a statutory exhaustion requirement on immigration habeas petitioners where an administrative remedy is available as a matter of right). In addition, the record belies Francois' assertion that his counsel before the IJ was not an attorney. The supplemental excerpts of record show that counsel was a member of the New York State Bar Association.

■ We also conclude that we lack jurisdiction over Francois' due process claim regarding an extension of time. *See Gutierrez–Chavez v. INS*, 298 F.3d 824, 829–30 (9th Cir.2002).

Because of the enactment of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 at § 106(a)(1)(A) (2005), we treat this appeal as a petition for review and deny it.

DENIED.