**Longziang CAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70183.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

Joel Spence, Spence, Hughes & Associates, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, T.G. NELSON and TALLMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Longziang Cao, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review claims of due process violations in immigration proceedings de novo. *See Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003), and we deny the petition for review.

The IJ based her adverse credibility determination, in part, on Cao's failure to show he was still in China in 2001, when he claims he was persecuted by Chinese authorities. At his initial hearing, Cao testified that he arrived in the United States on August 25, 1997. This testimony is corroborated by an Immigration and Naturalization Service document. At a later hearing, Cao testified that it was his twin brother who entered the United States under Cao's name in 1997. The IJ found that Cao came to the United States in 1997, and was not in China in 2001. Cao failed to challenge this finding before the BIA and, therefore, we lack jurisdiction to review this finding. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (holding that this court lacks jurisdiction to review contentions not raised before the agency). This finding is sufficient to support the IJ's adverse credibility determination as it goes to the heart of his asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

In the absence of credible testimony, Cao failed to prove eligibility for asylum or withholding of removal. *See Farah v.*

** This disposition is not appropriate for publication and may not be cited to or by the

*Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Cao, who is represented by counsel, made no argument in his opening brief regarding the denial of CAT relief and so has waived the right to challenge this determination. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues which are not specifically raised and argued in a party's opening brief are waived).

Cao's due process claim fails because he has not shown "that a better translation likely would have made a difference in the outcome." *Gutierrez–Chavez v. INS*, 298 F.3d 824, 830 (9th Cir.2002), *amended by* 337 F.3d 1023 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.