Naser HASHEMI–ROHANI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73798.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided Jan. 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Neda A. Zaman, Esq., Los Angeles, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, FRIEDMAN ** and FISHER, Circuit Judges.

## MEMORANDUM ***

Naser Hashemi–Rohani, a native and citizen of Iran, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and denying his motion to remand based on claims of ineffective assistance of counsel and an incompetent interpreter at his removal hearing. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998), we deny the petition for review.

■■■ The IJ identified material inconsistencies between Hashemi–Rohani's asylum application and his testimony regarding purported detentions, interrogations and beatings by the Iranian police.[1] Because these inconsistencies go to the heart of Hashemi–Rohani's asylum claim, substantial evidence supports the IJ's adverse credibility determination. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). In his testimony, Hashemi–Rohani also failed to provide details about the antigovernment fliers he allegedly distributed in Iran. Accordingly, Hashemi–Rohani failed to establish eligibility for asylum because he did not meet his burden of providing credible, direct and specific evidence to demonstrate past persecution or a well-founded fear of future persecution. *See Prasad v. INS,* 47 F.3d 336, 338 (9th Cir. 1995).

■■■ Because Hashemi–Rohani did not establish that he is eligible for asylum, he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Hashemi–Rohani is not entitled to relief under CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to Iran. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■■■ Finally, the BIA did not abuse its discretion by denying Hashemi–Rohani's motion to remand for a new hearing. *See id.* (reviewing for abuse of discretion BIA's denial of motion to remand). His claim of ineffective assistance of counsel fails because he has not shown that he was prejudiced by any of the alleged deficiencies in his counsel's preparation for or

---

** The Honorable Daniel M. Friedman, Senior Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review the IJ's credibility findings because the BIA expressly adopted the IJ's decision. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000).

performance at his hearing. *See Rodri-guez–Lariz v. INS,* 282 F.3d 1218, 1226 (9th Cir.2002) (claim of ineffective assistance of counsel requires showing of prejudice to succeed). Similarly, we reject Hashemi–Rohani's contention that he was deprived of due process by an incompetent interpreter because he has not shown that "a better translation likely would have made a difference in the outcome" of the hearing. *See Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir.2002).

Hashemi–Rohani's remaining contentions lack merit.

Hashemi–Rohani filed timely motions for stay of removal and stay of voluntary departure, and these motions were not opposed by the government. Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), the stay of removal and stay of voluntary departure will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**