**Jaskirt SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 03–74567, 04–72478.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2006.

Decided March 28, 2006.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

**MEMORANDUM** *

Jaskirt Singh petitions for review of the BIA's denial of his requests for asylum, withholding of removal, and CAT relief, and its decision denying his motion to reconsider. We deny the petition.

The adverse credibility determination is supported by substantial evidence, notably the discrepancies among Singh's written asylum application, his reported statements at the asylum officer interview, and his testimony at the hearing. Singh alleges that inconsistencies with statements at the asylum interview cannot provide substantial evidence, citing *Singh v. Gonzales,* 403 F.3d 1081, 1087 (9th Cir.2005). We disagree and conclude that this case is plainly distinguishable. The asylum officer testified at the hearing in this case. The record included ten pages of detailed, comprehensive, and coherent notes taken by the asylum officer during the interview. During both the interview and hearing, Singh was questioned about perceived inconsistencies. Many of the material inconsistencies "relate[d] to the basis for" the alleged fear of persecution and "went to the heart of [the] asylum claim." *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (internal citations omitted); *see also Kaur v. Gonzales,* 418 F.3d 1061, 1065 (9th Cir.2005).

To succeed on a claim of interpreter incompetence, Singh must show that "a better translation likely would have made a difference in the hearing's outcome." *Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir.2002), *amended by* 337 F.3d 1023 (9th Cir.2003). Even after re-translating the entire hearing, Singh fails to articulate a single occasion on which a different translation would have materially affected the outcome of the proceedings.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See Acewicz v. INS,* 984 F.2d 1056, 1063 (9th Cir.1993); *Kotasz v. INS,* 31 F.3d 847, 850 n. 2 (9th Cir.1994).

The BIA correctly held that Singh's motion to reconsider substantively constituted a second motion to reopen, as it asserted new facts and evidence that Singh was unable to submit in sufficient time to accompany his initial motion to reopen. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 & n. 2 (9th Cir.2001) (distinguishing motions to reopen and reconsider); *see also* 8 U.S.C. 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Moreover, the BIA correctly concluded that Singh's supplemental translation would not have demonstrated a due process violation even if the motion to reconsider was permitted as an initial motion to reopen. *See Gutierrez–Chavez,* 298 F.3d at 830.

**PETITION FOR REVIEW DENIED.**