**Rigoberto RAMOS–MORALES,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 05–75268.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.      R.App. P. 34(a)(2).

Teresa Salazar, Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., Terri Jane Scardon, Virginia Lum, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

██ Rigoberto Ramos–Morales, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. The motion to reopen was untimely, and this court has no jurisdiction over the BIA's discretionary decision not to re-open the case sua sponte. *See Ekimian v. INS,* 303 F.3d 1153, 1159

(9th Cir.2002). We review de novo the claim of due process violations. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss the petition for review in part and deny it in part.

██ Because Ramos–Morales has failed to show that the outcome of the proceeding may have been affected by the alleged due process violations, he has not established that his rights were violated. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1105 (9th Cir.2004) (petitioner must show how due process violations affected the outcome of the proceedings); *Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir.2002), *amended by* 337 F.3d 1023 (9th Cir.2003) (in order to show that an incomplete translation resulted in a due process violation, the petitioner "must demonstrate that a better translation likely would have made a difference in the outcome").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provid-
ed by 9th Cir. R. 36–3.