**SHAN KUN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72777.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Aug. 31, 2007.

Kai De Graaf, New York, NY, Jeffrey B. Kahan, Esq., U.S. Department of Justice, Washington, DC, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Chief Counsel, Phoenix, AZ, Jeffrey B. Kahan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Shan Kun Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252.

Where, as here, the BIA states that it is reviewing for clear error, this Court looks to the IJ's decision as a guide to what lay behind the BIA's conclusion. *See Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000). We review for substantial evidence, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007), and we deny the petition for review in part, and dismiss in part.

Substantial evidence supports the IJ's credibility finding based upon a discrepancy as to when Chen was followed by the police, because the discrepancy pertained to the arrest and detention on which Chen predicated his asylum claim. *See id.; see also Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

The IJ further found that Chen's testimony was faltering and unsure. In light of the "special deference" applied to such demeanor findings, we conclude that substantial evidence supports this credibility finding. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999).

While Chen claims that he was denied due process as a result of faulty translation, he has failed to demonstrate "that a better translation likely would have made a difference in the outcome." *See Gutier-*

*rez–Chavez v. INS*, 298 F.3d 824, 830 (9th Cir.2002).

In the absence of credible testimony, Chen failed to establish eligibility for either asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to review the denial of Chen's CAT claim, because he failed to exhaust the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I agree that we lack jurisdiction to review the denial of Chen's CAT claim because he failed to exhaust the claim before the BIA. However, I respectfully dissent from the majority's conclusion to deny the petition for review as it pertains to his asylum and withholding claims. The hearing before the immigration judge was fraught with translation errors. The record itself, supported by subsequent declarations, shows that the translator committed serious translation errors, including confusing the countries of Mexico and Spain. These translation errors affected both the questioning and the responses. For example, on the critical question of whether the petitioner understood the principles of Falun Gong, the translator apparently mistranslated the petitioner's answer. When the immigration judge questioned further about Falun Gong, the translator, according to the declaration, used inappropriate language, and perhaps words that do not exist.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

A petitioner is entitled to a correct translation of both question and answer. Failure to provide an adequate translation impedes his ability to present a case, in violation of his due process rights. It also prevents the immigration judge from assessing the case correctly, and it makes meaningful appellate review impossible. *See Perez–Lastor v. INS,* 208 F.3d 773, 777–78 (9th Cir.2000) (holding that petitioner "did not receive due process at his deportation hearing because an incompetent translation prevented him from presenting relevant evidence and caused the BIA to find that his testimony was not credible" and that a petitioner "must be able to understand the questions posed to him and to communicate his answers to the IJ"). I would grant the petition and remand for a new hearing with an adequate translator. *See Akinmade v. INS,* 196 F.3d 951, 956–57 (9th Cir.1999) (holding that inconsistencies in testimony that possibly resulted from mistranslation or miscommunication do not support an adverse credibility finding); *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) (same); *Osorio v. INS,* 99 F.3d 928, 932 (9th Cir. 1996) (rejecting an adverse credibility finding based on "perceived inconsistencies" that "may have been simply the product of a language barrier or a misreading of a largely unintelligible document").