NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| PACHAY THAOCHEUCHING;<br>KAYING VANG, | ) ) ) | No. 06-72759 |
| | ) | Agency Nos. A079-587-391 |
| Petitioners, | ) | A079-587-392 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney<br>General, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Submitted October 4, 2010[**]
San Francisco, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY,[***]
District Judge.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Pachay Thaocheuching and his wife Kaying Vang,[1] natives and citizens of Laos, petition for review of the Board of Immigration Appeals' (BIA) denial of their applications for asylum,[2] withholding of removal,[3] and Convention Against Torture[4] (CAT) relief. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. When an asylum claim is

---

[1]Because Vang's claim is derivative of Thaocheuching's claim, we will discuss Thaocheuching's claim, but our conclusions apply equally to hers.

[2]8 U.S.C. § 1158.

[3]8 U.S.C. § 1231(b)(3).

[4]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 (implemented at 8 C.F.R. § 208.18).

involved, an alien must show either past persecution or a well-founded fear of future persecution that is "subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Thaocheuching has not met that burden. On the contrary, the evidence did not compel a determination that he was persecuted in the past. See Sinha v. Holder, 564 F.3d 1015, 1020 (9th Cir. 2009); Canales-Vargas v. Gonzales, 441 F.3d 739, 743–44 (9th Cir. 2006). Neither a brief questioning, nor a land issue, nor even reports that there were threats against him rise to that level.[5] By the same token, the evidence does not compel a finding that he has a well-founded fear of future persecution[6] because of his activities before the present regime gained power in Laos some 35 years ago.[7]

---

[5]Indeed, Thaocheuching concedes as much by failing to raise the issue in his briefs. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

[6]See Halim v. Holder, 590 F.3d 971, 976–77 (9th Cir. 2009).

[7]Thaocheuching asserts that his due process rights were violated because there were errors in translation at his hearings before the immigration judge. Errors in translation can result in a violation. See Perez-Lastor v. INS, 208 F.3d 773, 778 (9th Cir. 2000). But prejudice must be shown, and none has been shown here. See Gutierrez-Chavez v. INS, 298 F.3d 824, 830 (9th Cir. 2002); Kotasz v. INS, 31 F.3d 847, 850 n.2 (9th Cir. 1994); Acewicz v. INS, 984 F.2d 1056, 1063 (9th Cir. 1993). Similarly, no prejudice arising from questioning of Vang by the

(continued...)

3

Because the BIA determined that Thaocheuching did not meet the requirements for a grant of asylum, it properly determined that he did not meet the requirements for withholding of removal either. See Mansour v. Ashcroft, 390 F.3d 667, 673 (9th Cir. 2004); Fisher, 79 F.3d at 960–61, 965.

Finally, the evidence in the record does not compel a determination that it is more likely than not that Thaocheuching would be tortured in Laos. Thus, he is not entitled to CAT relief. See Wakkary v. Holder, 558 F.3d 1049, 1067–68 (9th Cir. 2009); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.

---

[7](...continued)
immigration judge has been shown, even though that questioning may have been questionable. See Campos-Sanchez v. INS, 164 F.3d 448, 450 (9th Cir. 1999) (prejudice must be shown); Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir. 1986) (same).

4