NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YANI LEDEZMA-PAZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-71156

Agency No.
A208-200-554

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 27, 2021
Withdrawn from Submission July 30, 2021
Resubmitted September 23, 2021
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and ROBRENO,** District Judge.

Yani Ledezma-Paz, a native and citizen of Honduras, petitions for review of

an order of the Board of Immigration Appeals ("BIA") summarily dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

withholding of removal and for protection from removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law, including due process claims, de novo. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005) (citing *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir. 1999)). We review factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010)). We grant the petition for review and we remand.

1. Petitioner was not deprived of due process based on improper translation because none of the identified translation errors caused him prejudice. *See Gutierrez-Chavez v. INS*, 298 F.3d 824, 830 (9th Cir. 2002) ("To make out a violation of due process as the result of an inadequate translation, [the petitioner] must demonstrate that a better translation likely would have made a difference in the outcome.") (citing *Acewicz v. INS*, 984 F.3d 1056, 1063 (9th Cir. 1993)). The majority of the translation errors identified were clarified on cross-examination. As to the ones that were not, Petitioner alleges that the interpreter failed to translate his testimony that the military police whipped and threw him on December 20. The transcript states that the military police "beat" and "push[ed]" Petitioner. Petitioner does not establish, or even argue, that the words "whipped" and "threw" are appreciably different from the words "beat" and "push[ed]," respectively, and

2

therefore does not show that the omission of those words may have changed the outcome of his case.

Although Petitioner states that there were at least thirty-five other instances in which the interpreter translated a word or phrase incorrectly or omitted entirely a translation of Petitioner's words, Petitioner does not specify them or indicate how they might have changed the outcome of his case, and therefore has failed to meet his burden of establishing that he was prejudiced by these errors.

2.      Substantial evidence does not support the BIA's adverse credibility determination because neither the IJ nor BIA addressed Petitioner's explanations as to four inconsistencies and omissions between Petitioner's testimony and documentary evidence. *See, e.g.*, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) ("[W]here [Petitioner] gave an explanation of inconsistencies . . . those inconsistencies cannot serve as substantial evidence for a finding that [Petitioner] was not credible when neither the IJ nor the BIA addressed [Petitioner's] explanation[s] '*in a reasoned manner.*'") (emphasis added) (quoting *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999)).

3.      Substantial evidence does not support the BIA's alternative finding that Petitioner did not provide sufficient corroborating evidence to independently meet his burden of proof. The BIA stated that "[u]nder the REAL ID Act, which governs this case, an applicant is expected to submit reasonably obtainable

3

evidence that corroborates the material elements of his claim." The BIA only identified one instance in which Petitioner failed to provide corroborating evidence: "For example, while [Petitioner] testified that he was a leader in his party, he did not provide evidence corroborating his claim, including evidence that he was mentioned in any news articles or background country information."

Whether Petitioner was a leader of the party is immaterial to his claim of harm related to mistreatment by the military police, as Petitioner never stated that he was singled out because he was a leader of the party. Rather, Petitioner claimed that the military police singled him out during the protest because he was wearing a party shirt, waving a party flag, and walking in front of the protesters. The only time Petitioner claimed to be a leader of the group was when the IJ asked Petitioner whether he was a leader of the group, to which Petitioner responded, "One of the leaders." Petitioner's one brief reference to being a leader does not constitute a "material element" of his claim, and there is no precedent requiring similarly situated petitioners to prove as such.

4.    Substantial evidence does not support the BIA's determination that Petitioner (1) failed to establish the requisite nexus between harm and a protected ground and (2) failed to establish a clear probability of torture. These findings, although allegedly alternative findings, were clearly intertwined with the adverse

4

credibility determination, which was unsupported by substantial evidence for the reasons explained above.

As a result of the lack of substantial evidence supporting the adverse credibility determination and alternative findings, we grant the petition for review and remand Petitioner's withholding of removal and CAT claims to the BIA.

**THE PETITION FOR REVIEW IS GRANTED AND REMANDED**, and, accordingly, **THE MOTION FOR STAY OF REMOVAL IS DENIED AS MOOT.**